UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RHINO-RACK USA LLC, <br><br>                   Plaintiff, <br><br>          v. <br><br> JOHN DOES 1-10, <br><br>                   Defendants. | Case No. C24-301-MLP <br><br> ORDER |

## I.     INTRODUCTION

This matter is before the Court on Plaintiff Rhino-Rack USA LLC's ("Rhino-Rack" or "Plaintiff") renewed Motion for Leave to Issue Subpoena Prior to Rule 26(f) Conference ("Motion"). (Mot. (dkt. # 13).) Defendants have not yet appeared in this matter. Having reviewed Plaintiff's briefing, the governing law, and the balance of the record, the Court GRANTS Plaintiff's Motion (dkt. # 13).

## II.     BACKGROUND

On March 5, 2024, Plaintiff brough the instant action against unidentified "John Does 1-10" ("Defendants"), who Plaintiff alleges are authorized sellers of Rhino-Rack products who made unauthorized sales. (Compl. (dkt. # 1) at ¶¶ 17-18.) In its amended complaint, Plaintiff

ORDER - 1

alleges Defendants breached their contracts with Rhino-Rack by making unauthorized sales to resellers—including Amazon.com, Inc. ("Amazon")—who then resold the products on websites such as Amazon.com. (Am. Compl. at ¶¶ 17-21.)

Plaintiff seeks leave to serve discovery on Amazon for records to identify Defendants. (Mot. at 2.) Plaintiff seeks information about Amazon storefronts that make unauthorized sales of Rhino-Rack products on Amazon.com and Amazon's own purchases of Rhino-Rack products. (Motley Decl. (dkt. # 6) at ¶ 8, Ex. 1 (dkt. # 6-1) at 5, 7.)

### III.   DISCUSSION

#### A.   Legal Standard

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Amazon.com, Inc. v. Yong*, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021) (adopting the "good cause" standard for motions for expedited discovery and finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. The Ninth Circuit has emphasized that diligence and the intent of the moving

1  party are the focus of the inquiry into good cause. *Johnson v. Mammoth Recreations, Inc.*, 975
2  F.2d 604, 609 (9th Cir. 1992).

3    B.  **Plaintiff's Efforts**

4    Plaintiff's counsel, Martha Brewer Motley, states in a declaration that Plaintiff has
5  attempted to identify Defendants by investigating publicly available websites, such as secretary
6  of state websites, and subscription investigative services such as LexisNexis and TLO. (Motley
7  Decl. at ¶ 4.) Plaintiff has also corresponded with the Amazon Storefront Accounts. (*Id.*)
8  Plaintiff's amended complaint states it has "undertaken significant efforts" including "reviewing
9  sales records and corresponding with its distributors" as well. (Am. Compl. at ¶ 30.) Plaintiff
10 further reports it has investigated its distributors in three different states and found no evidence
11 that they are engaged in unauthorized sales. (*See id.* at ¶ 3; Compl. at ¶ 3.) Plaintiff contends it
12 has "exhausted all other options for ascertaining the identities" of Defendants. (Mot. at 5.)

13   Plaintiff seeks to subpoena Amazon for: (1) documents containing personally-identifying
14 information relating to nine Amazon storefront accounts; (2) contact information for any
15 suppliers from whom Amazon has purchased Rhino-Rack products; and (3) any other
16 documentation of Amazon's purchases of Rhino-Rack products. (Motley Decl., Ex. 1 at 5, 7.)

17   C.  **Good Cause for Expedited Discovery**

18   Plaintiff alleges Defendants have gone to "great lengths to hide their identities to avoid
19 being detected by brands and consumers." (Am. Compl at ¶ 30.) The Court finds Defendants
20 should not be afforded the benefit of anonymity in furtherance of their alleged reselling scheme.

21   Having considered the balance of factors, the Court concludes that Plaintiffs' intent in
22 seeking expedited discovery justifies their request. Courts routinely allow early discovery for the
23 limited purpose of identifying defendants on whom process could not otherwise be served. *See,*

ORDER - 3

*e.g.*, *Music Grp. Macao Com. Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at *1-2 (W.D. Wash. July 18, 2014) (granting expedited discovery from Twitter, Inc. sufficient to identify Doe defendants); *Digital Sin, Inc. v. Does 1-5698*, 2011 WL 5362068, at *1-2 (N.D. Cal. 2011) (allowing early discovery from internet service providers to identify Doe defendants); *see also Cottrell v. Unknown Corr. Officers, 1-10*, 230 F.3d 1366, at *1 (9th Cir. 2000) (explaining that "[t]he Federal Rules of Civil Procedure do not require that a district court dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint."). "Where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (cleaned up) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Here, Plaintiff seeks expedited discovery to ascertain sufficient identifying information about Defendants to name them in the complaint and effect service. Good cause exists where a plaintiff has exhausted its means to identify the defendant through publicly available information and has no other way to identify the bad actors involved in the scheme. *Facebook, Inc. v. Various, Inc.*, 2011 WL 2437433, at *3 (N.D. Cal. 2011) ("Courts in [the Ninth] Circuit permit expedited discovery to identify unknown defendants usually when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction."); *see also Semitool*, 208 F.R.D. at 277 (granting expedited discovery where narrowly tailored requests will "substantially contribute to moving this case forward"). Having reviewed the available record, it appears Plaintiff has exhausted available

means to identify Defendants. (Motley Decl. at ¶ 4; Am. Compl. at ¶¶ 28-30.) Consequently, Plaintiff has demonstrated that without expedited discovery, it will not be able to identify the individuals responsible for the alleged contract breach. Plaintiff's intent in seeking expedited discovery supports a finding of good cause.

Finally, the Court finds minimal prejudice to Defendants if Plaintiff is granted leave to conduct expedited discovery. Plaintiff has requested discovery directed at non-parties—not the Defendants—which courts recognize as "not imposing a significant burden upon defendants." *Yong*, 2021 WL 1237863, at *3. Plaintiff's discovery requests are narrowly tailored to seek information related only to the purpose of identifying Defendants responsible for the unauthorized sales. *See Qwest Commc'ns Int'l, Inc.*, 213 F.R.D. at 420 ("In applying the 'good cause' standard under Rule 26(d), the court should consider the scope of the requested discovery."). Accordingly, the Court grants Plaintiff's Motion.

### IV.   CONCLUSION

For the foregoing reasons, the Court orders:

(1)   Plaintiff's Motion (dkt. # 13) is GRANTED. Plaintiff is granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on Amazon.com, Inc. in substantially the same form as Exhibit 1 to the Motley Declaration (dkt. # 6-1).

(2)   Plaintiff is ORDERED to, within 90 days of the date this Order is signed, file an amended complaint naming identified Defendants and file proof of service.

Dated this 3rd day of April, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge